# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| STACY GOAD, as<br>Personal Representative of the<br>Estate of Larry D. Thompson, deceased,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | <br><br><br><br>Case No. CIV-25-052-RAW-GLJ |

## ORDER

Before the court are the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) by the Government [Docket Nos. 20, 20-1, and 20-2], Plaintiff's response [Docket Nos. 21, 21-1, 21-2, and 21-3], the Government's reply [Docket Nos. 22 and 22-1].  Also before the court are the Report and Recommendation ("R&R") issued by United States Magistrate Judge Gerald L. Jackson [Docket No. 25], Plaintiff's objection [Docket No. 26], and the Government's response [Docket No. 27].

This case arises from the death of Larry Thompson.  In her Amended Complaint[1], Plaintiff states that Mr. Thompson was operating his watercraft on Lake Tenkiller for recreational/fishing purposes when the watercraft was struck by an underwater object – a log – hidden to passers-by and of which Defendant was or should have been aware, but which

---

[1] A previous motion to dismiss was filed and fully briefed by the parties.  Docket Nos. 14, 15, 15-1, 15-2 and 16.  Upon review, Magistrate Judge Jackson entered an order inviting Plaintiff to amend her complaint providing additional legal or factual averments which may vitiate the Defendant's claims of insufficiency.  Plaintiff filed her Amended Complaint by the deadline set by Magistrate Judge Jackson and attached a redline version as directed.

Defendant did not remove or warn about.  Plaintiff brings claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.

Defendant moves for dismissal, arguing *inter alia* that this court lacks subject matter jurisdiction over Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(1) because the case is barred under the discretionary function exception to the FTCA.  In response, Plaintiff argues *inter alia* that consideration under Rule 12(b)(1) is premature and that the discretionary function exception does not bar this action.[2]

Magistrate Judge Jackson recommends that the motion to dismiss be converted to a motion for summary judgment pursuant to Rule 56, that the motion be granted, and that this case be dismissed with prejudice.  Plaintiff objects to the R&R, arguing that Magistrate Judge Jackson erred in the following ways.

First, Plaintiff objects to the fact that the R&R was the notice of conversion to summary judgment thus giving her no opportunity to respond and argues that the ruling should have been deferred until after discovery.  She argues that Fed. R. Civ. P. 12(d) requires that all parties be given a reasonable opportunity to present all the material that is pertinent to the motion, including appropriate discovery, and that discovery would have gone to both points in the discretionary function test.

The court first considers whether conversion of the motion was proper.  "As a general rule, a 12(b)(1) motion cannot be converted into a motion for summary judgment under Rule 56."  *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987) (citations omitted).  An exception

---

[2] Defendant attaches to its motion to dismiss the "Shoreline Management Plan of Tenkiller Lake," and Plaintiff's claim for damages submitted to the U.S. Army Corp of Engineers.  In response, Plaintiff attaches a self-signed affidavit with the following 9 exhibits: (1) "the accident report on Lake Ten Killer," (2-7) "retrieved from Defendant's own websites;" (8) "from the greencountryok.com website" and (9) "from the websites of most of those marinas on Lake Tenkiller," Docket No. 21-1, as well as a page "retrieved from state website," Docket No. 21-2, totaling 52 pages.

to this rule, however, "requires the conversion of a Rule 12(b)(1) motion to a Rule 56 or 12(b)(6) motion '[i]f the jurisdictional question is intertwined with the merits of the [plaintiff's] case.'" *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997) (citation omitted). Moreover, a "determination of whether the FTCA excepts the government's actions from its waiver of sovereign immunity involves both jurisdictional and merits issues." *Id*. Accordingly, conversion of the Government's motion to a summary judgment motion was proper.

Plaintiff argues that notice within the R&R was not sufficient. The court disagrees. As in *Wheeler*, here both parties submitted material beyond the pleadings. Plaintiff submitted 52 pages of material beyond the pleadings to her response to the original motion to dismiss and again to her response to the instant motion to dismiss. Plaintiff also included a section listing statements of material fact, in which she references her exhibits. The Tenth Circuit has "previously held that when a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler,* 825 F.2d at 259–60.

### The FTCA and the Discretionary Function Exception

"The FTCA provides a limited waiver of sovereign immunity." *Ball v. United States*, 967 F.3d 1072, 1075 (10th Cir. 2020). Under the FTCA, the "United States can be held liable only 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id*. (citing 28 U.S.C. § 1346(b)(1)).

There are, however, several statutory exceptions to the FTCA's waiver of sovereign immunity. *Id*. Implicated here is the discretionary function exception. The discretionary function exception "precludes holding the United States liable for an act or omission 'based upon

3

the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" *Id*. at 1075-76 (citing 28 U.S.C. § 2680(a)).

To determine whether the discretionary function exception applies, the court employs the two-part test delineated by the Supreme Court in *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Under that test, the court must determine:

> (1) whether the challenged conduct involves an element of judgment or choice, in which case it is discretionary and falls within the language of the exception, or whether it involves a federal statute, regulation, or policy that specifically prescribes a course of action for an employee to follow, in which case the exception does not apply; and (2) whether that judgment is the kind that the discretionary function exception was designed to shield.

*Ball*, 967 F.3d at 1076 (citing *Kiehn v. United States*, 984 F.2d 1100, 1102-03 (10th Cir. 1993) (internal quotation marks omitted). The second step of the *Berkovitz* test shields the United States from liability for conduct that "implicates the exercise of a policy judgment of a social, economic, or political nature." *Id*. (citation omitted).

Magistrate Judge Jackson found that the discretionary function exception applies here because the government action or inaction involved an element of judgment or choice and because that judgment is the kind that the exception was designed to shield.

Plaintiff's second argument in objection to the R&R is that Magistrate Judge Jackson erred in determining that step one of the two-part *Berkovitz* test was met and erred in not allowing discovery. She also argues that the Magistrate Judge misread the word "will." As stated in the R&R, Plaintiff failed to identify a federal statute, regulation, or policy that is specific and mandatory. Nevertheless, Magistrate Judge Jackson looked to the relevant portion of the Shoreline Management Plan ("SMP") submitted by the Defendant:

4

> The Corps of Engineers will place navigational aids and safety buoys in the lake for the purpose of protecting lake visitors' lives and/or property and to inform the using public waterway restrictions or hazards that may exist on the lake. Natural hazards are not normally marked.

Docket No. 20-1, at 16.

Magistrate Judge Jackson disagreed with Plaintiff's argument that the word "will" is equivalent to "shall." As noted by the United States, the word "shall" is used in other portions of the SMP and could have been used here to prescribe mandatory action. The court agrees that the use of the word "will" rather than "shall" here creates ambiguity. Furthermore, as noted by the United States, "[t]he existence of some mandatory language does not eliminate discretion when the broader goals sought to be achieved necessarily involve an element of discretion." *Hardscrabble Ranch, L.L.C. v. United States*, 840 F.3d 1216, 1222 (10th Cir. 2016) (citation omitted). As recognized in the R&R, employee decisions regarding whether and how to place navigational aids or buoys to warn of debris or underwater objects as set out in the SMP by their nature involved an element of judgment or choice.[3]

Magistrate Judge Jackson also disagreed with Plaintiff's argument that a log in the water is a "transient hazard" rather than a "natural hazard" and that factual development in discovery is required to determine "how the log got there." As Magistrate Judge Jackson found, the SMP does not define "natural hazards," has no provision regarding "transient hazards," and does not distinguish between permanent and temporary hazards. Plaintiff failed to identify a federal statute, regulation, or policy that is specific and mandatory.

---

[3] Plaintiff further argues that her complaint is not merely about buoys, but rather that the United States should have removed or warned of the danger. This argument misses the point, however, that *she* failed to identify a federal statute, regulation, or policy that is specific and mandatory with regard to removing or warning of danger.

Finally, Plaintiff argues that Magistrate Judge Jackson erred in determining that the second step of the *Berkovitz* test was met.  The question under the second prong is not whether the conduct was negligent, but whether the conduct in general was grounded in a policy decision.  The court agrees with Magistrate Judge Jackson that the conduct in general was grounded in a policy decision.

"As the Supreme Court said in *Gaubert*, we *presume* that a government agency's acts are grounded in policy when no statute, regulation, or policy sets forth a required course of conduct; the challenger must allege facts showing otherwise." *Ball*, 967 F.3d at 1079 (citing *United States v. Gaubert*, 499 U.S. 315, 324-25. (1991).  Accordingly, as the court has determined that the first *Berkovitz* prong was met, it may further presume that the United States' decision-making was policy-based unless Plaintiff directs the court to facts to the contrary.  *Id*.  Plaintiff has not.  The court agrees with Magistrate Judge Jackson that the conduct complained of by Plaintiff is the sort of conduct of which the discretionary function exception was designed to shield.

After a *de novo* review, the court finds the R&R is well-supported.  The court hereby affirms and adopts the R&R [Docket No. 25].  The Government's motion to dismiss [Docket No. 20] is hereby GRANTED and this case is dismissed.

**IT IS SO ORDERED** this 20th day of March, 2026.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

6